*10
Caria, per

Evans, J.
Where the purchaser of land has been deceived by misrepresentation, whether intentional or not, that fact may be set up by way of defence to an action for the purchase money. If the object of his purchase has been defeated by reason of the misrepresentation, he may, according to the decided cases, be wholly discharged from the debt. If only partially defeated, he may be allowed an abatement in the price. The case of the State vs. Gaillard, 2d Bay, 11, is an instance of the former, and Tunno vs. Flud, of the latter, 1st McC. 121. In these, and the kindred cases of Gray vs. Hankinson, 1 Bay, 278; Barklay vs. Barkley, Harp. 441, and Means vs. Brickell, 2d Hill, 657, there*was,either no warranty in the deed, or, if there was, it did not embrace the matter set up as defence. In all the early cases, it is admitted the defence could not be made consistent with the principles of the common law, but was allowed on equitable principles borrowed from the civil law.
By the common law, except in an action of deceit, you cannot look beyond the written contract to know what the parties intended, and if there be no warranty in the deed, extrinsic evidence is not allowed to establish it. If I understand the principle upon which the cases to which I have referred have been decided, it is that an action for the price is, in some sort, a proceeding to enforce the execution of a contract, and in such action a court of law adopts the equitable principle of refusing its aid to enforce a contract obtained by fraud or misrepresentation, except in such way as to do justice between the parties. All the cases from Gray vs. Hawkins down to Means vs. Brickell, were cases of misrepresentation; whether intentional or not, seems to have been regarded as wholly immaterial. I do not remember a single case where a failure of title, without warranty or misrepresentation, has been allowed even by way of defence. In the case of the State vs. Gaillard, Burke, J. put the defence on the civil law principle, that a sound price requires a sound commodity; and said when there was a failure of consideration, or misrepresentation, or concealment, the contract was vitiated.
This broad proposition has never been carried out in practice, and was unnecessary to be affirmed in that case, *11 which was one of clear misrepresentation. The introduction of the doctrine of implied warranty, from a sound price, in sales of personal property, has been the subject of frequent regret by those who have been called on to apply it, as the source of much unprofitable litigation. I, for one, am not disposed to extend the principle to sales of land. But this case goes a step farther, and asks not to be permitted to set up the failure of consideration as a de-| fence, but to recover back the money after it has been paid,! in a case where there is no warranty, no deceit, and no mis- J representation. The action is assumpsit, which lies only on * contracts, express or implied; and in this case, as there is no warranty in the deed, if the action can be maintained, it must be on the implied warranty arising in these sales for partition, which does not apply to sales made by other public officers. It is now more than half a century since the case of Gray vs. Hankinson was decided, and during all that time, I do not find a case where the mere failure of consideration without warranty, has been set up by way of defence, or any action brought to recover back the money ; a circumstance from which it may be fairly inferred, that it has never been supposed such defence could be made, or such action be maintained. So far as there has been any expression of opinion or decision, it is unfavorable to such action or defence. In the case of the Commissioner in Equity vs. Thompson, 4 McCord, 434, Judge Not! said, “I take it to be a well settled rule, that the law never implies a warranty on the part of any one acting merely as its organ for the purpose of transferring property from one hand to another.” In the case of Means vs. Brickell, which was a case of misrepresentation,' Judge Johnson said “relief against mistakes in fact is a well known branch of equity jurisdiction, and where the contract has been fully executed, I incline to think relief can be obtained only in equity.” In the case of Fuller vs. Fowler, 1 Bailey, 95, a negro had been sold for partition by order of the Court of Equity; Fuller became the purchaser and paid the money. Fowler was one of the distributees, and received his part of the purchase money. Fuller afterwards sued Fowler, to recover back what he had received ; alledging that the negro was unsound. It was held he could not re *12 cover, and the decision was put on the ground that there was no privity of contract between them. Now it cannot be that there is no privity, if the law implied a warranty in the sale by the commissioner. I do not mean to be understood as expressing any settled opinion that a purchaser, when sued, could not set up the want of title by way of defence. All I mean to say is, that I do not remember any case in which it has been done ; nor do I now see any principle on which it could be allowed. But even if such a defence might be made, it does not follow, by any means, that the present action can be maintained. There is a great difference between enforcing an executory contract, and giving relief after it has been executed, both at law and in equity. This distinction is recognized in the casé of the Commissioners of Roads vs. Macon and Foot, 2 Brevard Rep. 105. The action was by summary process on a note given by the defendants to the plaintiffs, for a mare sold as an es-tray. On the circuit, Bay, J. admitted evidence that the mare was unsound, and decreed for the defendants. There was an appeal, on the ground that the plaintiffs were public agents, and there was no implied warranty. Wilds, J. in delivering the opinion of the court, said “although it might be held that the plaintiffs, acting in the capacity of public officers, are not bound to warrant property sold by - them, or be answerable for any defects or deficiencies in the subject of sale; yet, in an action on the note, such a defence might be set up.” In Herbemont vs. Sharp, 2 McCord, 264, it was decided that a purchaser at sheriff’s sale, who had not received titles, might shew that the title was not in the defendant, and that he had represented to the sheriff that the land was his, and had induced him to sell it. The same distinction is recognized in the case of Johnson vs. Johnson, 3 Bos. and Puller, 161, which was an action for money had and received, to recover back money paid on a written agreement for the sale of land. Mansfield, C. J. said, “we do not mean to be understood to intimate that where, under a contract of sale, the vendor does legally convey all the title that is in him, and that title turns out to be defective, the purchaser can sue the vendor in an action for money had and received. Every purchaser may protect his purchase by proper covenants. *13 Where the vendor’s title is actually conveyed to the purchaser, the rule of caveat emptor applies. In the present case, the purchaser never had any title conveyed to him,” From these authorities, and especially from the case of Fuller vs. Fowler, it seems to me, the present plaintiff can maintain no action against the distributees, founded on an implied warranty in the sale of the ordinary. But, in this case, the money is in the hands of the ordinary, and it is supposed that may make a difference. I apprehend the ordinary cannot be regarded as a stake holder or agent of both parties, holding the money for whomsoever the law may determine it to belong to.
The ordinary received the money as the agent of the distributees. It is their money, as much as if paid to them. If he cannot sue the heirs at law, I do not see how he can sue their agent. The contract, when this money was paid, was fully executed on both sides, and the purchaser no longer stands on the vantage ground of defendant, even if that could avail him in the present case.
The motion is dismissed.
O’Neall, Butler and Wardlaw, JJ. concurred.